OPINION
Plaintiff-appellants (hereinafter "plaintiff" [Sam Ruffo]) and Evelyn Ruffo appeal the jury verdict in favor of defendant-appellee Thomas R. Shaddix ("defendant") alleging the verdict was against the manifest weight of the evidence.
At trial plaintiff gave the following testimony. Defendant drove over to plaintiff's home to visit (defendant is also plaintiff's nephew). Defendant visited for about an hour and left. However, upon leaving he was unable to start his car, which was parked in plaintiff's driveway. Thereinafter, defendant asked plaintiff to help him get the car started. Defendant entered the car and tried to start it a couple of times. The engine did not turn over or make any noises so plaintiff informed defendant the battery was dead. Defendant continued to try to fix the gearshift and at this point plaintiff told defendant to put the emergency brake on and get some blocks to put behind the wheels to prevent the car from rolling down the driveway, which was sloped. Defendant returned with a two-by-four and put it behind the car. Plaintiff said the two-by-four defendant put behind the car was not the right type of block because it was too small. A few minutes later, plaintiff came to the conclusion that he could not help defendant fix the car, so he walked towards the end of his driveway because he heard shouting coming from a nearby mall parking lot.
Plaintiff listened to the shouting for a couple of minutes and then walked back up his driveway on the driver's side of the car. Again he heard the shouting so he turned away from his driveway and the car, and looked in the direction from which the shouting was coming. The next thing plaintiff knew he was hit in the central part of his back by the driver's side door. The impact of the door knocked him to the ground and pinned him under the car. Plaintiff said while he was pinned under the car he saw defendant enter the car in an attempt to stop the car's progression but the car continued to roll down the driveway. As the car rolled down the driveway the tires rolled over plaintiff lengthways, starting at his left shoulder and finishing at his left thigh.
After the accident, plaintiff said defendant came to his home to visit him and he apologized for the accident. Plaintiff stated that defendant told him he should have had the transmission repaired and should have put the emergency brake on.
Defendant testified the car he owned was a 1975 Ford Elite. He stated that after the car would not start he and plaintiff stood in front of the car and discussed what might be wrong with the car. At this point, defendant testified plaintiff instructed him to get a block so he went and retrieved a two-by-four and placed it behind the driver's side rear tire. Next, defendant said he entered the car and manipulated the gearshift at the direction of plaintiff who was standing at the front of the car. After a short time, plaintiff told defendant to come to the front of the car. However, before defendant exited the car he said he put the gearshift back into park. Defendant testified that he believed plaintiff then entered the car and began manipulating the gearshift. Defendant stated the car then began to move backwards so he ran around to the driver's side. He said he saw plaintiff out of the car, standing towards the rear of the car on the driver's side. As the car moved a few feet he attempted to get into the car to stop it. Defendant testified he was now face to face with plaintiff. He said as he tried to get into the car, he collided with plaintiff, who was trapped by the door; then he and plaintiff became tangled and plaintiff fell. Defendant explained he was able to bring the car to a stop but not before the driver's side door hit plaintiff.
At the conclusion of the testimony, the jury returned with a verdict in favor of defendant. Plaintiff timely filed a notice of appeal and now submits a single pro se assignment of error. Plaintiff states as follows in his sole assignment of error:
 THE JUDGMENT IS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Plaintiff argues the jury verdict was not supported by competent, credible evidence and is manifestly contrary to the evidence; thus, the jury verdict is a complete violation of substantial justice. Plaintiff claims defendant parked a car he knew had gearshift problems in his driveway without putting the emergency brake on. He also placed an "inadequate block" behind the tires and leaned against the front of the car causing it to roll. Plaintiff claims he was never in the car and never touched the gearshift.
Defendant counter-argues the jury properly considered all the evidence and concluded his testimony deserved more deference than plaintiff's. He maintains competent, credible evidence was submitted in the form of his testimony and the cross-examination of plaintiff to support the jury verdict. Thus, a review of the evidence reveals the jury verdict was not against the manifest weight of the evidence.
In C.E. Morris Co. v. Foley Constr. Co.(1978), 54 Ohio St.2d 279, the court established the standard for determining whether a judgment in a civil case is against the manifest weight of the evidence:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
See also Seasons Coal Co. v. Cleveland(1984), 10 Ohio St.3d 77.
The standard for reviewing the sufficiency of the evidence in a civil case is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the prevailing party or, in other words, whether the verdict one which could be reasonably reached from the evidence. HartfordCasualty Insurance Company v. Easley(1993), 90 Ohio App.3d 525. Moreover, considerations of credibility and questions of weight are for the trier of fact, not the reviewing court. Id.
Defendant testified when he first entered the car, plaintiff was standing in front of the car by the hood. Defendant stated he shifted the gears and tried the lights, the horn, and the radio. At this point, plaintiff told defendant to exit the car "to see if [defendant] could see anything while [plaintiff] got in and moved the gears around." Defendant said he put the gearshift in park before he exited the car. Defendant was then asked whether plaintiff sat down in the car, and he responded to the best of his knowledge he believed plaintiff entered the car. Thereinafter, the accident occurred. In contrast, plaintiff stated he never entered the car but only leaned inside the car, on the steering wheel, in order to try to turn on the radio. He said he never touched the gearshift. Plaintiff said he then walked down the driveway away from the car because he heard some "cursing." As he walked back up the driveway, he turned around again in response to more shouting and was then hit in the back by the car door.
The critical issue in this case is who dislodged the gearshift thus causing the car to roll down the driveway. Defendant's testimony indicates he exited the car and left the gearshift in park. Plaintiff's testimony is that he never entered the car or touched the gearshift and was drawn away from the car by "cursing." The jury believed defendant's testimony.
We find defendant's testimony and the cross-examination of plaintiff is competent, credible evidence in support of the jury verdict and thus the verdict is not against the manifest weight of the evidence. Furthermore, construing the evidence most strongly in favor of defendant we find it sufficient to support this judgment as a matter of law. Accordingly, plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 TERRENCE O'DONNELL, P.J. DIANE KARPINSKI, J., CONCUR.
 ____________________________________ JUDGE, JOHN T. PATTON